(15 App. Div. 190.)

GRANT v. RILEY.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

1. TRIAL—REQUESTS TO CHARGE—REFUSAL.
A refusal to give any of defendant's requests to charge is shown by a record stating that the requests were submitted to the court, "but were not read to the jury"; that "they were marked by the court, and the requests and the action of the court as indicated in the margin appear as follows," quoting them; "and the court refused to charge otherwise, giving defendant an exception,"—though some of the requests were marked "charged."

2. EVIDENCE—PRESUMPTION OF INNOCENCE—CIVIL ACTIONS.
The presumption of a defendant's innocence extends to a civil action for acts constituting a crime.
Landon, J., dissenting.

Appeal from trial term, Franklin county.

Action by Thomas Grant against John J. Riley. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Gordon H. Main, for appellant.

Charles A. Burke (John P. Kellas, of counsel), for respondent.

HERRICK, J. The action herein is one for assault and battery. There was a conflict of evidence upon the trial as to who was the aggressor, and hence the rulings and charge of the court as to where the burden of proof rested were of importance. Pursuant to the practice which has been adopted in the district where this case was tried, the defendant's counsel, before the court commenced its charge to the jury, handed to the trial justice a number of written requests to charge, 17 in all; and the following appears in the printed case in relation thereto:

"The following requests to charge were submitted in writing by defendant's counsel, but were not read to the jury. They were marked by the court, and the requests and the action of the court, as indicated on the margin, appear as follows, and the court refused to charge otherwise, giving defendant an exception."

Then follow the requests, with the action of the court thereon. For a more complete understanding of the question, five of such requests are here set forth, with the action of the court thereon, as appears from the printed case:

"(1) That the defendant is presumed innocent. (Refused.)
"(2) That the affirmative is upon the plaintiff. (Charged.)
"(3) That the plaintiff must prove by a preponderance of evidence that the defendant assaulted him without justification. (Charged as requested.)
"(4) That the burden of proof rests upon the plaintiff throughout the entire case. (Refused.)
"(5) That, in order to recover, the plaintiff must prove to the satisfaction of the jury, by a fair preponderance of evidence, that the defendant was the aggressor. (Not marked by court.)"

Although some of these requests are marked as charged, as matter of fact not a word was said to the jury in regard to them, and the

jury were not advised or directed upon any of the matters set forth in any of the defendant's requests to charge, unless such advice or direction was contained in the principal charge of the court. It will be observed in the statement contained in the printed case preceding the requests to charge that it is stated that the requests were submitted in writing, "but were not read to the jury"; and, again, that "they were marked by the court, * * * and the court refused to charge otherwise,"—that is, as I understand it, the court refused to do other than mark the requests; that is to say, while it marked a request as charged, it did not in fact say anything to the jury about it. Both the counsel for the appellant and for the respondent concur in this, that nothing was said to the jury except what was said in the main charge. Some of the requests made were upon matters that the defendant had a legal right to have the jury advised of, and merely marking them as charged, without in fact saying anything to the jury in regard to them, was reversible error, unless the court had sufficiently advised the jury in regard thereto in its main charge.

The first request, "That the defendant is presumed innocent," marked as refused, the defendant was entitled to have charged. The court did not at any time, either in substance or effect, charge the jury upon that subject. The presumption of the innocence of a defendant prevails in a civil action where a judgment against him will establish his guilt of a crime. Wilcox v. Wilcox, 46 Hun, 32–40; Ferry Co. v. Moore (N. Y. App.) 6 N. E. 293.

The second request, "That the affirmative is upon the plaintiff," marked as charged, is a correct legal proposition, and one that the defendant was entitled to have charged. While it is marked as charged, it was not, as I have heretofore stated, submitted to the jury; neither was anything like it, either in substance or effect, stated to the jury by the court in its principal charge.

It is unnecessary to examine the other requests to charge, and the action of the court thereon. The defendant excepted to the refusal of the court to charge except by marking on the paper its refusal or assent. I think the exception well taken, and sufficient to raise the questions involved. Under the circumstances, the court will not be astute to discover technical defects in the manner of taking the exception, it clearly appearing that the jury were not in fact charged upon the subjects that the defendant had, upon request, a clear legal right to have them advised of, and having endeavored, at least, as appears from the record, to except to such refusal.

For the errors stated, the judgment and order should be reversed, and a new trial granted; costs to abide the event.

PARKER, P. J., and MERWIN and PUTNAM, JJ., concur.

LANDON, J. (dissenting). I understand the statement in the record, "The court refused to charge otherwise," to mean that the court intimated its intention to charge, and to refuse to charge, the several requests as marked by it, and that the defendant preferred to take in silence his exceptions to the requests refused, rather than to have the judge state to the jury how he would charge, and refuse to

charge, upon the several requests. If now the defendant can take the same advantage of his silent exceptions to the refusals to charge as if openly made, then the plaintiff is called upon to meet upon appeal what he never heard of upon the trial, and which, for aught we know, if he had had an opportunity to meet there, he would have obviated. I do not think we should encourage a practice which seems to invite the construction of pitfalls to be first uncovered upon appeal. Certainly, it is not asking too much of a party wishing to except to a refusal to charge to let his adversary know it at the time, and I am sure every trial judge would favor such a course.

Looking at the 17 requests which the defendant presented to the court, we find that the court marked "Charged"—that is, that it was willing to charge—such of them as presented a possible solution of the facts in favor of the defendant. But it refused to charge, in addition, some abstract propositions of law, which furnished the ground of its charge upon the facts. A judge who rightly tells the jury that, if they find a certain condition of facts, then they must find for the plaintiff, and, if they do not so find them, then for the defendant, is not obliged to charge the abstract principles of law which support such directions. A learned disquisition upon the law is rarely helpful to the jury. I think it is usually better for the court to refrain from it, and, instead, to tell the jury what issues of fact they must settle, how they must settle them, one way or the other, according to their finding upon disputed facts, and how they must adapt their verdict to the conclusions they reach upon the facts. This is a case of assault and battery. The judge did not need to give an abstract definition. He did much better when he said to the jury: "The plaintiff says he was struck with a shovel, and knocked down. If you find that to be true, and that he had not made an assault upon the defendant with a hay knife, then the defendant is liable for some damages." When he marked "Charged" the request, "That the plaintiff must prove by a preponderance of evidence that the defendant assaulted him without justification," he practically covered the request that he marked "Refused," "That the burden of proof rests upon the plaintiff throughout the whole case." It was not necessary to confuse the jury with this proposition, nor with the other one, "That the defendant is presumed innocent,"—a proposition defective because it omits the words "until the contrary be proved." Code Cr. Proc. § 389. Of the 17 requests made by defendant, the court marked 8 of them as charged, and these 8 gave to the defendant, in their application of the law to the facts as the jury might possibly find them, all the protection to which he was entitled. I think the court so fully assented to the proper instructions applicable to the concrete case that the defendant has no cause of complaint in the refusal of the court to distract the jury by also giving the abstract propositions of law.

I advise an affirmance.