EMMA B. YOUNG, Respondent, *v.* RICHARD K. FOX, Appellant.

155  615
160  338
155  615,
162  317
155  615
164  480

1. APPEAL — CODE CIV. PRO. § 191, SUBD. 2 — CERTIFICATE OF APPELLATE DIVISION. For an appeal to the Court of Appeals, under subdivision 2 of section 191 of the Code of Civil Procedure, from a unanimous affirmance by the Appellate Division in an action for a personal injury, a certificate of the Appellate Division stating generally that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals is sufficient without specifying questions for review.

2. General Appeal. The appeal by certification provided by subdivision 2 of section 191 of the Code of Civil Procedure (as distinguished from that provided by subdivision 2 of section 190) is general, and does not call for the formulation or certification of specific questions of law for review.

Reported below, 26 App. Div. 261.

(Argued April 18, 1898; decided April 26, 1898.)

Motion to dismiss an appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 17, 1898, affirming a judgment in favor of plaintiff, entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John J. Adams* for motion. Neither the order permitting the appeal to be taken herein from the Appellate Division, nor the moving papers upon which the same was granted, conform to the proper practice or the decisions of the courts, in that they fail to set forth or certify the question or any question of law which it is desired to have reviewed by the Court of Appeals. (*Harroun* v. *B. E. L. Co.*, 14 App. Div. 19 ; *Wuensch* v. *M. J. Assn.*, 4 App. Div. 115 ; *Grannan* v. *W. R. Assn.*, 153 N. Y. 458 ; *Baxter* v. *McDonnell*, 154 N. Y. 436 ; *Bank of Metropolis* v. *Faber*, 150 N. Y. 201 ; *Davis* v. *Cornue*, 151 N. Y. 177 ; *People* v. *Helmer*, 154 N. Y. 599 ; Code Civ. Pro. § 190.)

*Benjamin F. Tracy* opposed. The motion to dismiss the appeal should be denied. (Code Civ. Pro. §§ 190, 191, 3343 ; Suth. on Stat. Const. §§ 369, 395 ; *Halliburton* v. *Clapp*, 149 N. Y. 183 ; *Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219 ; *Sciolina* v. *E. P. Co.*, 151 N. Y. 50 ; *Hutchinson* v. *Root*, 153 N. Y. 329 ; *Bachrach* v. *M. R. Co.*, 154 N. Y. 178.)

Bartlett, J. This is a motion to dismiss the appeal. The plaintiff recovered a verdict of $25,000 against the defendant, proprietor of the " National Police Gazette," for the publication of an alleged libel reflecting upon her character.

An extra allowance of $500 was also granted the plaintiff. A motion for a new trial was denied, and thereafter judgment was entered upon the verdict.

The Appellate Division unanimously affirmed the judgment and orders, and, subsequently, upon motion duly made, granted an order as follows:

"Ordered, that this court certifies that a question of law has arisen in this case which, in its opinion, ought to be reviewed by the Court of Appeals." It was further ordered that the defendant might appeal to the Court of Appeals from the order and judgment.

A single question of practice is now presented for our determination.

The counsel for the plaintiff and respondent insists that this record is fatally defective in that the court below has failed to formulate the questions of law which, in its opinion, should be reviewed by this court. Whether this position is well taken, or not, depends upon the construction to be given sections 190 and 191 of the Code of Civil Procedure.

It is conceded that this appeal is ordered under section 191, subdivision 2, which reads: "No appeal shall be taken to said court from a judgment of affirmance hereafter rendered in an action to recover damages for a personal injury, or to recover damages for injuries resulting in death, or in an action to set aside a judgment, sale, transfer, conveyance, assignment or written instrument as in fraud of the rights of creditors, when the decision of the appellate division of the supreme court is unanimous, unless such appellate division shall certify that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals, or unless in case of its refusal to so certify, an appeal is allowed by a judge of the Court of Appeals." Turning to section 190, subdivision two, we find the following language: "Appeals may also be taken from determinations of the appellate division of the supreme court in any department where the appellate division allows the same, and certifies that one or more questions of law have arisen which, in its opinion, ought to be

78

reviewed by the Court of Appeals, in which case the appeal brings up for review the question or questions so certified, and no other; and the Court of Appeals shall certify to the appellate division its determination upon such questions."

It will be observed that these two sections differ very materially in phraseology. Section 190 deals with the jurisdiction of the Court of Appeals, while section 191 prescribes limitations, exceptions and conditions qualifying that jurisdiction. In section 190 the legislature saw fit, in permitting the Appellate Division to allow appeals to this court, to restrict it to the certification of certain questions to be answered by this court, and to limit the appeal to the review of questions so certified, and no other. In section 191 we have an entirely different situation. The legislature of 1896 added to that section subdivision two, already quoted, whereby appeals were forbidden to the Court of Appeals in a large class of cases where the decision of the Appellate Division was unanimous. This restriction on the right of appeal is subject, however, to two important exceptions, viz. : The Appellate Division may certify that a question of law is involved which ought to be reviewed by the Court of Appeals, and in the event it refuses to so certify a judge of this court may allow the appeal.

We are of opinion that sections 190 and 191 are entirely distinct as to subject-matter and policy, and are not to be read together as is insisted by plaintiff's counsel. These two sections standing side by side, and differing so materially in phraseology, indicate an intention on the part of the legislature to deal differently with the two classes of appeals.

In section 190, subdivision 2, we have enactments covering generally all appeals by permission, and limiting this court to the questions certified.

In section 191, subdivision 2, the legislature enacted limitations, exceptions and conditions to these general provisions, and mitigated somewhat the severity of the rule laid down in the act of 1896, which cut off the right of appeal to this court in a very large number of cases. It is not to be assumed

that the legislature intended that, in a case like the one at bar, being for a personal injury, if the Appellate Division permitted an appeal it must frame questions, but if a judge of this court allowed the appeal it would be general.   Neither is it to be supposed that the legislature intended to impose upon a judge of this court the labor of examining a record, and becoming so thoroughly familiar with it as to frame questions to be considered upon the appeal.

If the legislature had intended to restrict appeals under section 191 in the same manner as under section 190, it would have employed the very apt language found in the latter section.   We think the legislature inaugurated a very liberal policy under section 191, in allowing, by permission, a general appeal to this court, in that class of litigations where the right of appeal is cut off by the act of 1896.

The plaintiff's counsel cites a number of recent cases in this court in aid of his contention, but they are all under section 190, subdivision 2, and have no bearing on this question.

We are of opinion that this record is not defective, and that the motion to dismiss the appeal should be denied, with costs.

All concur.

Motion denied.