(33 Misc. Rep. 188.)

## KLEINER v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Trial Term, New York County. December 1, 1900.)

APPEAL—COURT OF APPEALS—JURISDICTION—UNDERTAKING FOR COSTS—SURETY
 —LIABILITY.

  Defendant was surety on an undertaking given on an appeal to the appellate division from a judgment, for the payment thereof if it were affirmed. The judgment was affirmed, but thereafter a judge of the court of appeals, acting under Code Civ. Proc. § 191, which provides that in case of the refusal of the appellate division to certify that a question of law is involved, which ought to be reviewed by the court of appeals, an appeal may be allowed by a judge of such latter court, issued an order allowing an appeal for the purpose of reviewing one specific question. The cause was reversed by the court of appeals, and a new trial ordered, for an error of law on a question other than the one specified in the order. *Held* that, though the order specified one question only, the entire record, as to questions of law, went unrestricted to the court of appeals, and its judgment reversing the appellate division was valid, and released the surety on the appeal bond.

Action by Margaret Kleiner, by her guardian, against the Fidelity & Deposit Company of Maryland, as surety on an undertaking given on appeal to the appellate division in an action wherein plaintiff had recovered judgment against the Third Avenue Railroad Company. Judgment for defendant.

I. Newton Williams, for plaintiff.
Hoadly, Lauterbach & Johnson, for defendant.

McADAM, J. It might be deemed presumptuous for a court at trial term to inquire into whether the court of appeals possessed the jurisdiction it assumed in a given case, were it not for the fact that "it is no new feature of the law that inferior magistrates may, when thereunto called, sit in judgment upon the jurisdiction of the highest courts, when their process or judgments come collaterally before them." People v. Liscomb, 60 N. Y., at page 568. In this instance it becomes necessary to pass upon the validity of a judgment rendered by the court of appeals, which is attacked for want of jurisdiction. When there is no jurisdiction, the proceeding is as nothing. Perkin v. Proctor, 2 Wils. 382, 384, citing Marshalsea's Case, 10 Coke, 76a, 76b. Judgments without jurisdiction are not voidable, but void (Black, Judgm. §§ 171, 218; Railroad Co. v. Hamilton, 127 Pa. St. 3, 17 Atl. 752), and, being nullities, may be attacked directly or collaterally (Risley v. Bank, 83 N. Y. 318; Everett v. Everett, 22 App. Div. 473, 47 N. Y. Supp. 994). These principles are

elementary, for manifestly a void thing is no thing. It appears that on April 12, 1898, the plaintiff recovered judgment for personal injuries, caused by negligence, against the Third Avenue Railroad, for $2,792.21, damages and costs. The defendant appealed from said judgment to the appellate division, and on the appeal the defendant executed an undertaking in which it agreed that if said judgment was affirmed the defendant would pay the amount thereof, with all costs. On January 30, 1899, the appellate division unanimously affirmed said judgment, with $130.85 costs. 36 App. Div. 191, 55 N. Y. Supp. 394. On February 17th following, an application for reargument, or for a certificate permitting the railroad company to appeal to the court of appeals, was made to the appellate division and denied. In the following month, Chief Judge Parker, of the court of appeals, signed an order allowing an appeal to that court for the purpose, as the order recited, of reviewing one specific question, as to which it was claimed the trial judge had committed error. The cause was heard in the court of appeals, and the judgment was reversed, and a new trial ordered, for an error of law respecting questions other than the one specified in said order. 162 N. Y. 193, 56 N. E. 497. The plaintiff contends that such a reversal and direction were unauthorized; hence, the judgment was null and void, both as to the parties and their sureties. Acting upon this theory, the plaintiff brought the present action against the defendant, as surety on the appeal to the appellate division, to compel it to pay the amount of the judgment as approved by that court, notwithstanding the action of the court of appeals thereafter. Appellate jurisdiction is conferred only by the statute, which limits the right of review, and any departure therefrom renders the action of the appellate court abortive. Wilmore v. Flack, 96 N. Y. 512. Even consent will not confer jurisdiction in such case, where the statute does not. McMahon v. Rauhr, 47 N. Y. 67; In re Tuthill, 36 App. Div. 492, 55 N. Y. Supp. 657. Code, § 191, subd. 2, provides that:

"No appeal shall be taken to said court [of appeals] from a judgment of affirmance hereafter rendered * * * when the decision of the appellate division of the supreme court is unanimous, unless such appellate division shall certify that in its opinion a question of law is involved which ought to be reviewed by the court of appeals, or unless in case of its refusal to so certify, an appeal is allowed by a judge of the court of appeals."

When Chief Judge Parker signed the order, no matter how worded, allowing the appeal, the entire record, so far as questions of law were concerned, went to that court, unrestricted, for review. Young v. Fox, 155 N. Y. 615, 619, 50 N. E. 279; Bank v. Sherwood, 162 N. Y. 310, 56 N. E. 834; O'Rourke v. Feist, 42 App. Div. 136, 59 N. Y. Supp. 157. And it was upon such questions that the judgment was reversed. The jurisdiction of the court of appeals was plenary, and its exercise within prescribed limits. In 2 Enc. Pl. & Prac. p. 24, it is said:

"The appellate court has exclusive power to judicially construe the extent of its own jurisdiction. The inferior court has, therefore, no power to decide whether an appeal lies in a particular case, or whether the requirements of appellate procedure have been properly complied with."

So, after an appeal has been taken, and jurisdiction vested in an appellate court, no action can be taken by the trial court which might by any possibility injure the appellant. Hall v. Jack, 32 Md. 253; Trust Co. v. Winn, 4 Md. Ch. 254.

It is not necessary to search for instances which might prove exceptions to the rule stated, for, upon the entire case, there must be judgment for the defendant.