GEORGE KURZ, Respondent, *v.* ANTON DOERR, Appellant.

1. EVIDENCE — PRESUMPTION OF INNOCENCE NOT INDULGED IN CIVIL ACTION. In an action to recover damages for an assault, a refusal by the trial court to charge " that the defendant is presumed innocent until he is proven guilty" presents no error, since the presumption of innocence is not indulged in a civil action, and, even where the defendant is charged incidentally with a crime, the plaintiff is required to sustain his case only by a preponderance of evidence.

2. APPEAL — WHEN APPELLATE DIVISION, IN GRANTING LEAVE TO APPEAL, NEED NOT CERTIFY QUESTIONS. Under the provisions of subdivision 2 of section 191 of the Code of Civil Procedure a certificate of the Appellate Division that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals is sufficient, without specifying the question for review, it being only under subdivision 2 of section 190 of the Code of Civil Procedure that questions are required to be certified.

*Kurz* v. *Doerr*, 86 App. Div. 507, affirmed.

(Submitted December 7; 1904; decided December 30, 1904.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 3, 1903, affirming a judgment of the Queens County Court in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Leander B. Faber* for appellant. The presumption of innocence applies in civil as well as in criminal cases, and the trial court erred in refusing to charge the jury that the

defendant was presumed innocent until proven guilty. (*Grant v. Riley*, 15 App. Div. 190; *N. Y. & B. F. Co.* v. *Moore*, 18 Abb. [N. C.] 106; *People* v. *Briggs*, 114 N. Y. 56; *Wilcox* v. *Wilcox*, 46 Hun, 32.)

*Stephen H. Voris* for respondent. To charge as was requested would have been error for it would have been charging that the plaintiff must prove his case beyond a reasonable doubt. (*Ogletree* v. *State*, 28 Ala. 693; *Moorer* v. *State*, 44 Ala. 15; *People* v. *Lenon*, 79 Cal. 625.)

BARTLETT, J. This action was to recover damages for an assault, committed by the defendant upon the plaintiff, by willfully and maliciously leveling a loaded firearm at him and discharging the same. The jury rendered a verdict for $250.

This appeal presents a single question, based on an exception to the charge of the trial judge.

The following is an extract from the record :

"(Defendant's counsel): I ask your honor to charge that the burden is upon the plaintiff to prove by a preponderance of evidence that the defendant is guilty of an assault.

"(The Court): Yes, I charge that.

"(Defendant's counsel): Also that the defendant is presumed innocent until he is proven guilty.

"(The Court): That presumption does not prevail here. It is a question of which one has presented to you a preponderance of the evidence ; that is, does the evidence in favor of the story told by the plaintiff outweigh the testimony which makes against that claim ? What I mean by the weight of the evidence is the convincing force of the evidence as it appeals to your minds."

We are of opinion that the trial judge committed no error in refusing to charge that the defendant is presumed innocent until he is proven guilty.

The opinion of the learned Appellate Division to this effect, in which Mr. Justice HIRSCHBERG carefully reviews the conflicting authorities in this state, meets with our approval and we adopt the same.

We would add nothing to this opinion were it not deemed advisable that this court should, by positive statement, set at rest the question that has been much discussed by the bar and in judicial opinions. ( *Woodbeck* v. *Keller*, 6 Cowen, 118 ; *Clark* v. *Dibble*, 16 Wend. 601 ; *Hopkins* v. *Smith*, 3 Barb. 599 ; *Johnson* v. *Agricultural Ins. Co.*, 25 Hun, 251 ; *Wilcox* v. *Wilcox*, 46 Hun, 32 ; *Grant* v. *Riley*, 15 App. Div. 190 ; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562 ; *People* v. *Briggs*, 114 N. Y. 56 ; *N. Y. & Brooklyn Ferry Co.* v. *Moore*, 18 Abb. [N. C.] 106 ; 102 N. Y. 667.)

In *Seybolt* v. *N. Y., L. E. & W. R. R. Co.* (*supra*) the action was for negligence resulting in the death of plaintiff's intestate. At the close of the case the defendant requested an instruction to the jury that " The burden of proof is on the plaintiff to establish the negligence of the defendant. If there is a reasonable doubt on the whole evidence as to the negligence of the defendant, the verdict should be for the defendant."

Chief Judge RUGER said (p. 569) : " We are not aware of any rule applicable to the trial of issues of fact in civil actions which requires a party upon whom the burden of proof rests to establish a case free from reasonable doubt. In criminal cases the law, out of tender regard for the rights of accused persons, and the presumption of innocence which always attaches to persons in that situation, gives to the defendant the benefit of any reasonable doubt existing as to his guilt ; but in civil actions, unless the issue involves the commission of a crime by some of the parties thereto, the application of such a rule is, we think, unauthorized by the law of evidence. It was held in the case of *Johnson* v. *Agricultural Insurance Co.* (25 Hun, 251), where the defendant had, in answer to an action upon a policy of insurance to recover damages for a loss occasioned by fire, alleged that the plaintiff had himself fired the insured buildings, that it was sufficient if the defense was supported by a preponderance of evidence, and that it was error to require the defense to be proved beyond a reasonable doubt. The question decided in

that case has been the subject of considerable controversy among authors upon evidence, and we do not intend to express any opinion thereon."

In *New York & Brooklyn Ferry Co.* v. *Moore* (*supra*) the plaintiff sought to recover of the defendant, its ticket agent in the ferry house, moneys which it was alleged he had received in a fiduciary capacity and embezzled. Judge EARL, writing for this court, said (p. 119): "In this case it is not for us to determine how satisfactory plaintiff's evidence was, but whether there was any evidence to sustain the judgment. * * * There is no rule of law which requires a plaintiff in a civil action, when a judgment against the defendant may establish his guilt of a crime, to prove his case with the same certainty which is required in criminal prosecutions. Nothing more is required in such cases than a just preponderance of evidence, always giving the defendant the benefit of the presumption of innocence." The words last quoted, "always giving the defendant the benefit of the presumption of innocence," have led to some confusion in the lower courts.

The presumption of innocence is not indulged in a civil action, as the plaintiff rests only under the burden of proving his case by a preponderance of evidence.

*People* v. *Briggs* (*supra*) was an action brought by the dairy commissioner, in the name of the People, to recover the penalty imposed by the act of 1885, "to prevent deception in the sale of dairy products." (Chapter 183, Laws of 1885.) The legislature provided in this act that certain violations of it should subject the defendant to various penalties and other violations were declared to be misdemeanors.

The court was requested and declined to charge the jury that they must be satisfied beyond a reasonable doubt of the violation by the defendants before they could find against them, and charged that they might so find upon a preponderance of evidence; and exceptions were taken.

Judge BRADLEY, after reviewing the authorities, said : " We have examined the numerous reported cases of the several states and England and the text books cited by counsel, and

some other cases, upon this question, and think that in civil actions the rule that the preponderance of evidence is sufficient to warrant the finding of the fact in which is involved the charge of such character, has the support of the better reason."

We deem it very important that the strict rule of evidence, applicable to the burden of proof in criminal cases, should not be extended to civil actions for the recovery of damages, where the defendant is charged, incidentally, with arson, embezzlement or any other crime.

When life or liberty is involved the proof must exclude reasonable doubt, but in a civil action, where a recovery of damages is sought against the wrongdoer, the plaintiff is only required to sustain his case by a preponderance of evidence.

The learned Appellate Division in its order granting leave to appeal to this court has submitted for our answer the following question : " Did the trial court err in refusing to charge the jury that the defendant is presumed innocent until proven guilty ? "

This appeal is taken under section 191 of the Code of Civil Procedure, subdivision 2, which provides, in part, that no appeal shall be taken to this court from a judgment of affirmance rendered in an action to recover damages for a personal injury when the decision of the Appellate Division of the Supreme Court is unanimous, unless such Appellate Division shall certify that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals.

The Appellate Division has, in this case, issued its certificate to that effect, and it is sufficient without specifying a question for review. It is only in appeals taken under section 190 of the Code, subdivision 2, that questions are required to be certified. (*Young* v. *Fox*, 155 N. Y. 615.)

The judgment and order appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, O'BRIEN, HAIGHT, MARTIN and VANN, JJ., concur.

Judgment affirmed.