WAHLE–PHILLIPS CO. v. FITZGERALD et al.

(Supreme Court, Appellate Division, First Department. March 24, 1916.)

1. COURTS ⬥237(2)—CERTIFICATION OF QUESTIONS FOR APPEAL—NECESSITY.

On appeal from a judgment of the Special Term of the Supreme Court adjudging that no lien had been acquired, the Appellate Division unanimously affirmed the judgment. Code Civ. Proc. § 190, subd. 1, declares that appeals may be taken as of right to the Court of Appeals from judgments or orders finally determining actions or special proceedings. *Held* that, the appeal from the Appellate Division being taken as of right, it is improper that questions of law be certified to the Court of Appeals for determination.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬥237(2).]

2. COURTS ⬥237(2)—CERTIFICATION OF QUESTIONS FOR APPEAL—NECESSITY.

Where an appeal to the Court of Appeals is taken under Code Civ. Proc. § 191, subd. 2, declaring that, where the Appellate Division shall certify in its opinion a question of law is involved which should be reviewed by the Court of Appeals, the appeal may be allowed, the question of law itself should not be certified; the mere certification that there was a question which should be reviewed being sufficient.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬥237(2).]

3. APPEAL AND ERROR ⬥135—DECISIONS APPEALABLE.

Where the Appellate Division affirmed a judgment of the Special Term, appeal to the Court of Appeals must be taken from the judgment of affirmance, and not the order.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 890; Dec. Dig. ⬥135.]

Action by the Wahle-Phillips Company against Mary A. Fitzgerald, impleaded, etc. A judgment for defendants was affirmed (157 N. Y. Supp. 1150), and plaintiff moves to resettle the order of affirmance of judgment and certify questions to Court of Appeals. Order resettled and modified.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

John A. Dutton, of New York City, for the motion.
Winthrop E. Dwight, of New York City, opposed.

CLARKE, P. J.  An appeal was taken to this court from so much of a judgment of the Special Term of the Supreme Court entered upon a decision in an action to foreclose a mechanic's lien as adjudged that no lien had been acquired by the plaintiff for certain of the labor performed and materials furnished.  This court unanimously affirmed the judgment appealed from.  157 N. Y. Supp. 1150.  In its order of affirmance it provided as follows: "With leave to the appellant to appeal from this order to the Court of Appeals"—the court certifying that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals.  A motion was thereafter made for an order resettling said order of affirmance by adding thereto and certifying three questions of law to be reviewed by the Court of Appeals.

[1] The action being in the Supreme Court, and not one of those specified in subdivision 2 of section 191 of the Code of Civil Procedure prescribing the classes of cases in which no appeal can be taken to the Court of Appeals from a unanimous judgment of affirmance unless the "Appellate Division shall certify that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals, or unless in case of its refusal to so certify, an appeal is allowed by a judge of the Court of Appeals," the insertion of the leave to appeal in our order of affirmance was improper.  The plaintiff had the right to appeal under subdivision 1 of section 190 of the Code of Civil Procedure, providing that appeals may be taken as of right to said court from judgments or orders finally determining actions or special proceedings.

[2] In no event would the certification of questions in this case be proper.  If the appeal is as of right, no such questions are necessary or proper.  "It is only when an appeal is allowed under subdivision 2 of section 190 that questions should be certified to this court.  In this case the plaintiff could appeal from the judgment of the Appellate Division as a matter of right and without leave from that court." Seward v. Davis, 198 N. Y. 415, 91 N. E. 1107.  If the case were within one of the classes prescribed in subdivision 2 of section 191 of the Code of Civil Procedure, no such questions would be proper; the mere certification that in the opinion of the court a question of law is involved which ought to be reviewed by the Court of Appeals being sufficient.  Young v. Fox, 155 N. Y. 615, 50 N. E. 279; Bank v. Sherwood, 162 N. Y. 316, 56 N. E. 834; Kurz v. Doerr, 180 N. Y. 88, 72 N. E. 926, 105 Am. St. Rep. 716, 2 Ann. Cas. 71; Klein v. East River Electric Light Co., 182 N. Y. 27, 74 N. E. 495.

[3] Nor could an appeal be taken to the Court of Appeals from the order of this court affirming the final judgment of the Special Term. It must be taken from the judgment entered upon the order of affirmance.  Kilmer v. Bradley, 80 N. Y. 630; Derleth v. De Graff, 104 N. Y. 661, 10 N. E. 351; Croveno v. Atlantic Ave. R. R. Co., 150 N. Y. 225, 44 N. E. 968.

The order should therefore be resettled, by striking out the final provision quoted supra, without costs.  All concur.