In the Matter of the Estate of JOHN BYRNES, Deceased.

Surrogate's Court, Kings County, September 11, 1936.

*Robert J. Farrington* [*John H. Donlan* of counsel], for Joseph Byrnes, Owen Byrnes, Thomas B. Byrnes, Margaret Moore and May Zeunges, petitioners.

*Albert R. Connolly,* for Margaret Byrnes, administratrix, respondent.

*Frederick A. Keck,* special guardian for Edith Marie Byrnes, infant.

WINGATE, S.   After a careful study of the record, this court is unable to concur in the result attained by the learned referee, Sydney M. Gottesman, Esq., in this proceeding.   The issues concern the validity of an alleged common-law marriage between the decedent and the respondent, and the legitimacy of a child which was the indisputable fruit of their union, and which was repeatedly recognized as such by the decedent.

Admittedly no impediment existed to prevent the consummation of the marriage since the decedent had never previously been married and the prior husband of the respondent was dead.

The difficulty of the referee appears to have resulted mainly from a failure of complete realization of the cogency of the presumption in favor of the validity of a demonstrated *de facto* marriage and of the legitimacy of recognized offspring of such a union.   Absent a legal impediment, any demonstration of circumstances from which the inference of marriage may be deduced, is sufficient to raise the presumption of its validity in full legal force.   Prominent in this connection is " acknowledgment by the parties " themselves of the existence of such a relationship.   (*Caujolle* v. *Ferrie,* 23 N. Y. 90, 106.)   In the present case such acknowledgment is repeatedly demonstrated in the record of proceedings in the Family Court over the decedent's own signature, in his signature as parent of the school report card of the child, in the baptismal and birth certificates and in the testimony of Doctors Quinlan and Johnston.

This showing having been made, the burden is cast upon those claiming the invalidity of the marriage and the illegitimacy of the child to prove these facts to a degree almost beyond a reasonable

doubt. Whereas the cogency of the proof required in this connection has been variously phrased as " irrefragable " (*Caujolle* v. *Ferrie*, 23 N. Y. 90, 108) and " unanswerable " (*Tracy* v. *Frey*, 95 App. Div. 579, 586), the modern statement is " that the presumption will not fail unless common sense and reason are outraged by a holding that it abides." (*Matter of Findlay*, 253 N. Y. 1, 8. See, also, *Matter of Matthews*, 153 id. 443, 447.) As this court pointed out in *Matter of Smith* (136 Misc. 863, 869): " The practical result is that ' those who assume the fact of illegitimacy have cast upon them the onus of establishing it ' (*Caujolle* v. *Ferrie*, 23 N. Y. 90, 95); they must disprove every reasonable possibility of legitimacy (*Caujollie* v. *Ferrie*, 23 N. Y. 90, 109: *Matter of Biersack*, 96 Misc. 161, 166, 176; affd., 179 App. Div. 916; *Barker* v. *Barker*, 172 id. 244, 249), even to the extent of proving negatives (*Matter of Biersack*, 96 Misc. 161, 178; affd., 179 App. Div. 916; *Matter of Meehan*, 150 id. 681).

" As is said by the court in the last cited case (at p. 684): ' it is incumbent upon whoever assails the validity of the marriage and the legitimacy of the children to prove his case by evidence instead of presumptions, even if that involve proof of a negative.'

" Improbability alone will not break the cogency of the presumption (*Matter of Findlay*, 253 N. Y. 1, 10), nor will a result of illegitimacy be reached by a balancing of probabilities (*Matter of Findlay*, 253 N. Y. 1, 8; *Van Aernam* v. *Van Aernam*, 1 Barb. Ch. 375, 377; *Matter of Biersack*, 96 Misc. 161, 177; affd., 179 App. Div. 916)."

The proofs of the present petitioners fall far short of this required standard, and are utterly inadequate for the purpose. The demonstration of receipt of family relief in her former name by the respondent which, according to the affidavit of the special guardian, verified June 24, 1936, caused the referee to change his former opinion in favor of the respondent, is utterly inadequate to produce such a result. The presumption against commission of a criminal act if, indeed, it amounted to such, which is doubtful, does not apply in a civil proceeding. (*Kurz* v. *Doerr*, 180 N. Y. 88, 91, 92; *Matter of Callahan*, 142 Misc. 28, 35; affd., 236 App. Div. 814; affd., 262 N. Y. 524.) There is usually an inference to that effect, but any inference fades into nullity when faced by the true presumptions of validity of a *de facto* marriage or legitimacy. (*Matter of Callahan*, *supra*.)

The findings and opinion of the learned referee are accordingly disapproved and it is determined that the respondent is the lawful widow of deceased and that Edith Marie Byrnes is his legitimate child, and the proceeding is determined adversely to the petitioners, with costs.

Submit decree on notice in conformity herewith.