THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPHINE DIEHL, Defendant.

County Court, Monroe County, June 28, 1955.

*Joseph B. Boyle* and *William J. Stevens* for Director of Finance of Monroe County, petitioner.

*Sidney Z. Davidson* for defendant.

O'MARA, J. The Legal Adviser of the County of Monroe in behalf of the Director of Finance of the said county moves to vacate and set aside an order granted by the Honorable CLARENCE

J. Henry, Monroe County Judge, under date of May 31, 1955, which said order authorized the Director of Finance of the County of Monroe to pay to Sidney Z. Davidson for legal services and disbursements, the sum of $1,155, in connection with his assignment pursuant to an order of this court in defending the above named defendant on an indictment which charged the said defendant with the crime of murder in the first degree, the deceased being the defendant's husband. It is the contention of the Director of Finance that upon the date that the payment in question was authorized, the defendant was possessed with means sufficient to pay for the legal services of her court-assigned attorney and because of that fact, the order of May 31, 1955, should be vacated and set aside.

Under date of January 24, 1955, Mr. Davidson was assigned by this court to represent the defendant upon the People's claim that she did with malice aforethought kill her husband. Assignment was made upon the filing of an affidavit by the defendant in which she stated that she had no funds with which to employ counsel and that she was wholly destitute. The defendant was arrested and charged with the homicide on the same date that the claimed killing took place. The indictment was moved for trial on May 9, 1955, and after a three-week trial during which the defendant was represented by the court-assigned attorney, the jury returned with a verdict of not guilty.

The defendant and the deceased were the owners of real property as tenants by the entirety valued at $10,000. The defendant was named as beneficiary in a policy of insurance upon the life of her deceased husband in the sum of $2,000, and the deceased left a personal estate estimated at about $4,000. The deceased left no children. Can it be said that the defendant at the time that counsel was assigned was wholly destitute of means? I am satisfied that the said question must be answered in the affirmative.

It is a well-known principle of law that a person cannot benefit from his own wrongful act and it follows that he cannot vest himself with title to property by means of said wrongful act. If the defendant had been convicted, the real and personal property in question, together with the proceeds of the insurance policy, would become the estate of the deceased and the defendant would have forfeited all property rights in said estate. (*Riggs* v. *Palmer,* 115 N. Y. 506; *New York Mut. Life Ins. Co.* v. *Armstrong,* 117 U. S. 591; *Bierbrauer* v. *Moran,* 244 App. Div. 87; *Van Alstyne* v. *Tuffy,* 103 Misc. 455.)

The defendant, in view of the accusation pending against her, could not legally transfer title to the real property in question at any time between the date of the alleged crime and her being absolved of any wrongful act in bringing about the death of the deceased, for during said period the vesting of title to the said property remained in a state of suspension and the insurance company would not be legally justified in paying the proceeds of its policy to the defendant until such time as she was cleared of having brought about the death of her husband and certainly she was not in a position during the same period to inherit and dispose of her husband's personal property. It therefore follows that when this court assigned Mr. Davidson to represent the defendant pursuant to the authorization contained in section 308 of the Code of Criminal Procedure, she was, as stated in her affidavit, wholly destitute and without available means to retain her own counsel.

No person charged with the commission of a crime is entitled under the provisions of section 308 of the Code of Criminal Procedure to have counsel assigned to him if he is possessed with means to hire his own counsel, and whether he has such means must of necessity be determined at the time that application is made to the court for assignment of counsel and not at some time in the future. (*Matter of Chapman* v. *City of New York,* 168 N. Y. 80.) In other words, if a defendant destitute of means who had been assigned counsel should, at some future date and before an order was granted fixing the amount of compensation for assigned counsel, come into possession of substantial available means, the assigned counsel would still be entitled to be paid pursuant to the provisions of section 308 of the Code of Criminal Procedure. Under such circumstances I know of no legal theory upon which the assigned counsel would be able to collect for his services from the defendant. As to whether the paying authority would be in a position under like circumstances to have itself reimbursed by the defendant on the theory of unjust enrichment is not before me for decision.

I desire to point out that the acquittal of the defendant did not finally determine whether she would come into possession of any real or personal property as the result of her husband's death. That question may still be litigated civilly in the Surrogate's Court where the rule, by a fair preponderance of the credible evidence prevails, rather than the rule in a criminal trial of beyond a reasonable doubt. (*Kurz* v. *Doerr,* 180 N. Y. 88.) But regardless as to the final disposition of the property in question, the County of Monroe is legally bound

to pay assigned counsel in accordance with the order of May 31, 1955, and for the reason that the defendant was on the date of the assignment wholly destitute of means.

The motion is denied.

Submit order accordingly.