NOTE.—This case was decided at the April Term, A.D. 1856.

This case and that of Gaston Browning had acquired so much notoriety in the county of Holmes, to which the venue had been changed in the first instance, that it was deemed advisable, both by the counsel for the prosecution and for the defence, to petition the Legislature for an Act changing the venue to Carroll county. This was accordingly done, and the case of John D. Browning was tried at November Term, 1857, of the Circuit Court of Carroll county, when there was a mistrial. At the April Term, A.D. 1858, he was again tried, and acquitted. He was defended by W. Cothran, W. B. Helm, J. K. Clinton, and J. Z. George, and prosecuted by E. C. Walthall, district attorney, and W. Brooke and Richard Nelson.

At the July special Term, A.D. 1858, of the said court, Gaston E. Browning was tried, and acquitted. He was defended by Messrs. Cothran, Helm, and George, and prosecuted by E. C. Walthall and R. Nelson.

---

## LEWIS PRESLY v. WILLIAM DONALDSON.

PRINCIPAL AND SURETY: PAYMENT: PRESUMPTIONS ON DEMURRER TO EVIDENCE.—
The plaintiff, against whom a judgment had been rendered as surety for the defendant, brought his action to recover the amount thereof, and proved, that

Presly *v.* Donaldson.

by an agreement between him and the creditor and one T., the verbal assumpsit of T. had been received by the creditor, before the commencement of the suit, in satisfaction of the judgment; and further, that T. had paid the judgment, but it was not stated whether before or after the suit was commenced. The defendant demurred to the evidence. By the court: It must be presumed that T.'s assumpsit was upon a valuable consideration from the plaintiff, and that he paid the money before the suit was commenced, and hence that the demurrer must be overruled.

In error from the Circuit Court of Attala county. Hon. E. G. Henry, judge.

This was an action by Donaldson against Presly to recover $220, which the former alleged he had paid as surety for the latter. The defendant pleaded the general issue, and the cause was submitted to a jury. On the trial, the plaintiff proved that he and one Wilson had signed a note as surety for defendant to one Chestnut. That afterwards suit was instituted on this note, in the Circuit Court of Attala county, against Donaldson and Presly, and that the plaintiff therein had dismissed the suit as to Presly, and took judgment by default against Donaldson for his debt and costs, which together amounted to $220. " That the plaintiff in said judgment, before the commencement of this suit, agreed verbally with one William B. Thompson and the said William Donaldson, that he, the said plaintiff, would discharge Donaldson from said debt, and look no longer to him, but would take the said Thompson as his debtor, the said Thompson agreeing to become debtor in place of said Donaldson, and said Thompson afterwards paid said money, as agreed."

The defendant demurred to the evidence; the court overruled the demurrer and rendered judgment final in favor of the plaintiff for $220 and costs. From this judgment the defendant prosecuted this writ of error.

*H. A. H. Lawson,* for the plaintiff in error,
Cited Chitty on Contr. 604, and authorities there referred to.

*J. A. P. Campbell,* contra,
Cited Peters's C. C. R. 266; 3 N. Hamp. 366; 8 Johns R. 202; 2 Verm. 213; 4 Pick. 447; 9 Mass. 553; 11 Johns R. 518; 6

Greenl. R. 80, 333 ; 7 Ib. 355 ; 1 Ib. 152 ; 2 Wend. 481; 7 Cow. 662 ; 11 Mass. 498 ; 4 Dana, 207 ; 4 Pike, 506 ; 9 Humph. 503 ; 27 Maine R. 225 ; 2 Greenl. Ev. § 113.

FISHER, J., delivered the opinion of the court.

The plaintiff below brought this action in the Circuit Court of Attala county, to recover from the defendant the amount of money which he, the plaintiff, had paid as the defendant's security.

The defendant demurred to the plaintiff's evidence in the court below, and judgment was rendered upon this demurrer for the plaintiff. The evidence is substantially as follows.: Presly the principal, and Donaldson the security, were sued by the holder of the note ; the suit was dismissed as to the principal, and a judgment taken by default against the security.

The plaintiff in that judgment agreed to release the security upon the promise of one Thompson to pay the judgment. It also appears that Thompson afterwards paid the judgment, whether before or after this suit was commenced is not stated.

The presumption must be indulged, upon this state of case, that Thompson assumed to pay the judgment upon a corresponding consideration from the security, and that it may be presumed in the absence of a showing to the contrary, that the money was paid before the suit was commenced.

Judgment affirmed.