|121 287|
|140 431|

# ·Wallen *et al. v.* Montague & Lewis *et al.*

*Creditor's Bill to Set Aside Voluntary Conveyance by Debtor.*

1. *Fraud by grantor and grantee vitiates conveyance.*—The fraudulent act of a grantor debtor, whether solvent or insolvent, if knowingly participated in by the grantee; when done for the purpose of hindering, delaying or defrauding creditors, will, as to creditors, vitiate a conveyance from the debtor to his grantee·

2. *When conveyance by failing debtor void.*—A conveyance by an insolvent or failing debtor for a present cash consideration. from the grantee, with knowledge on the part of such grantee of such insolvent or failing condition of the grantor, under the law renders the conveyance as to existing creditors of such grantor fraudulent and void, but such would not be the result as to a conveyance executed by a solvent debtor for a present cash consideration, the same being reasonable and fair.

3. *Voluntary conveyance void as to existing creditors of grantors.* A voluntary conveyance is void as to existing creditors of the grantor without regard to his solvency or insolvency.

4. *Near relationship demands close scrutiny of transactions between the parties related.*—While the fact of close relationship is not in itself and of itself evidence of fraud between contracting parties, it should prompt closer scrutiny of the evidence as to the *bona fides* of the transactions between them than if the contracting parties were strangers.

5. *Conveyance from solvent debtor to kinsman when valid.*—But where the evidence shows that conveyances from a solvent debtor to close relations were made in good faith and for an adequate and a valuable consideration, they are valid, although they were executed on the eve of pending or threatened litigation against the debtor; and it is immaterial

[Wallen *et al.* v. Montague & Lewis *et al.*]

whether the consideration was cash, or that the conveyance was made in payment of a pre-existing indebtedness from the grantor to the grantee.

APPEAL from the Chancery Court of Morgan.
Heard before the Hon. WILLIAM H. SIMPSON.
The facts of this case are sufficiently stated in the opinion.

S. P. WERT, for appellants.—(1). Nellie Sherlock shows she had a *bona fide* debt due her from Wallen and that she did not know of his embarrassed condition and took the lot in payment of her debt.—*Leo v. Williams,* 79 Ala. 171; *Bank v. Eburn,* 84 Ala. 529; 14 So. Rep. 398. (2). An insolvent debtor may prefer a creditor by the sale of goods in payment of a pre-existing debt; the debt must be *bona fide* and the property taken at a fair and adequate price and no benefit reserved to the debtor.—*Bates v. Vandiver,* 1 So. Rep. 631; 96 Ala. 350; *Wilkinson v. Buster,* 22 So. Rep. 34; *Henderson v. Perryman,* Ib. 24.

SPEAKE & RUSSELL, contra.

DOWDELL, J.—This is a common creditors' bill filed by the complainants against their common debtor, Wallen, and his corespondents, F. T. and Nellie Sherlock as fraudulent grantees of certain lands conveyed to them by Wallen. The bill avers among other things, the relationship of Wallen to the Sherlocks as that of brother-in-law, and that the said conveyances so executed by him to these grantees were voluntary; that the recited consideration in the said conveyances was simulated and fictitious, and in fact and reality, no consideration existed, and that the same were made and executed with the intent and purpose to hinder, delay and defraud the creditors of said grantor, and that said grantees knowingly participated in said fraudulent acts on the part of said Wallen. There is no averment in the bill that the defendant was at the time of the execution of the conveyances in question insolvent or in failing circumstances, but the theory of the bill rests

upon the proposition and averment, that the said conveyances were voluntary.

The record only presents for revision the decision of the chancellor on questions of fact. Subdivision 1, section 3826 of the Code of 1896, provides that "In deciding appeals from the chancery court, no weight shall be given the decisions of the chancellor upon the facts, but the Supreme Court shall weigh the evidence and give judgment as they deem just." It was formerly the rule in this court, in appeals of this character, not to disturb the finding of the chancellor upon the facts in the case, unless the evidence should clearly show that his conclusions were erroneous. This rule, however, has been changed by the section above quoted.

As we have observed, the bill in this case contains no averment of the debtor's insolvency at the time of the making of the conveyances assailed. The facts and circumstances which, under the law, would avoid a conveyance by an insolvent debtor, or one in failing circumstances, would not necessarily avoid a conveyance by a solvent debtor. In either case, however, the fraudulent act of the grantor debtor, if knowingly participated in by the grantee, when done for the purpose of hindering, delaying or defrauding creditors, would invalidate the conveyance. A conveyance by an insolvent or failing debtor for a present cash consideration from the grantee, with knowledge on the part of such grantee of such insolvent or failing condition of the grantor, under the law, renders the conveyance as to existing creditors of such grantor fraudulent and void, but such would not be the result as to a conveyance executed by a solvent debtor for a present cash consideration, the same being reasonable and fair. It is, however, a well settled proposition of law, that a voluntary conveyance is void as to existing creditors of the grantor, regardless of the question of solvency or insolvency of such grantor. The vital question, then, in this case is one of fact, and is as to whether the recited consideration in the conveyances assailed, is simulated and fictitious, which if true would make such conveyances voluntary, and of course fraudulent and void as a matter of fact and of law as to the existing creditors of the grantor.

[Wallen *et al*. v. Montague & Lewis *et al*.]

In transactions of this character, where the parties—that is, grantor and grantee—are closely related, greater scrutiny of the evidence as to the *bona fides* of the transaction should be indulged than in cases between mere strangers. The fact, however, of close relationship, is not in itself and of itself, evidence of fraud. Where the transaction between such parties is reasonably shown to be honest and fair, and the consideration just and commensurate, it should be as firmly upheld by the courts as though the parties were entire strangers.—*Moog v. Farley,* 79 Ala. 246; *Cadiere v. Guidry,* 7 So. Rep. 232, s. c. 42 La. Ann. 169.

While the testimony of Wallen and F. T. Sherlock relating to the conveyance by Wallen to said Sherlock, may be open to some criticism as to the lax manner in which their dealings with each other were carried on, still it is not unreasonable nor inconsistent with honesty and fairness. Too nice a particularity of dealings and transactions between parties so nearly related as these, would as justly and reasonably invoke unfavorable criticism, and perhaps more, than the loose and lax manner of their dealings as shown by the evidence in this case. We think the evidence of these witnesses, which is undisputed by any other evidence, reasonably shows that Wallen was indebted to F. T. Sherlock in the manner and for the reasons given in their respective testimony. That Sherlock worked and labored for Wallen is also shown by the testimony of other and disinterested witnesses.

Under the averments in the bill, it is immaterial whether the consideration paid Wallen for the land conveyed by him to Sherlock, was a cash consideration, or the conveyance made in payment of a pre-existing indebtedness from Wallen to Sherlock. The undisputed evidence shows, however, that the consideration was made up both in satisfaction of a pre-existing debt, and part cash. We think also, the evidence, when fairly considered, shows that the consideration paid by Sherlock to Wallen was reasonable, fair and commensurate, and not disproportionate to the actual value of the real estate conveyed.

What we have said with regard to our conclusions on the evidence as to the transaction between Wallen and F. T. Sherlock, applies with equal, if not more force, as to the transaction between Wallen and Nellie Sherlock. The evidence of Wallen, F. T. Sherlock and Nellie Sherlock, clearly shows, without contradiction, the indebtedness of Wallen to Nellie Sherlock. The testimony of other disinterested witness also shows, that Nellie Sherlock was employed by Wallen as his book-keeper, and that as such she worked for him for fifteen or eighteen months. The evidence without dispute shows that for her services as such book-keeper she was to receive as compensation the salary of $35 a month. Wallen had paid her nothing for her services up to the time of the execution of the conveyance in question. The undisputed evidence is, that the consideration named in her deed was a fair and reasonable valuation of the property conveyed.

The recited consideration of the several deeds being made up in part by the pre-existing indebtedness of Wallen to the Sherlocks, and part cash, and being *bona fide,* as we think the evidence in this case reasonably shows, and not disproportionate to the value of the land conveyed, the mere fact of the conveyance having been executed upon the eve of pending or threatened litigation against Wallen, would not in itself invalidate the conveyances. We cite the following authorities as sustaining our conclusions in this case: *Wilkinson et al. v. Buster et al,* 22 So. Rep. 34; *McAllister v. Honea,* 14 So. Rep. 264; *Levy v. Williams,* 79 Ala. 171; *Moog v. Farley, supra.*

The decree of the chancery court being inconsistent with our conclusions on the facts, must be reversed, and a decree here rendered dismissing the bill as to the respondents, but as to the respondent Wallen, without prejudice.