[Freeman v. Blount, et al.]

# Freeman *v.* Blount, *et al.*

### Bill to Cancel Deed.

(Decided Feb. 17, 1911.   Rehearing denied April 27, 1911.
55 South. 293.)

1. *Appeal and Error; Right of Review; Persons Entitled.*—The
litigant in whose favor a decree concludes, and who can take no
manner of benefit from a reversal or modification of it, cannot ap-
peal therefrom.

2. *Same; Assignments of Error; Purpose and Function.*—The sole
office of assignment of error in appellate procedure is to invite a
review of the rules of the trial court, which if sustained, would re-
sult in a decree of judgment changing or reversing the decree of
the lower court.

3. *Same; Cross Assignments.*—There can be no such thing as
cross assigning for the purpose of affirming a judgment or decree,
and the right of appellee, after dismissal of the appeal, to invoke
review on appeal of asserted erroneous rulings in the reception of evi-
dence, cannot be determined by the fact that such rulings are not
assigned as error.

4. *Same; Review; Scope.*—Under section 5955, Code 1907, a re-
view by the supreme court of a decree of a chancellor should be
without presumption in favor of the decision of the chancellor on
the facts, and as to the facts is de novo; and since a review com-
prehends the duty to revise properly taken exceptions to the rejec-
tion or admission of evidence, and to ascertain the legal evidence
in an appeal from a decree dismissing a suit to cancel a deed, the
court will consider exceptions of the appellee to the admission of
evidence.

5. *Witnesses; Competency; Transaction with Decedents.*—Under
section 4007, Code 1907, a grantor, suing the heirs of a deceased
grantee to cancel a deed and expunge its record, on the ground that
he never executed or acknowledged the deed, may testify that he
did not sign or acknowledge it.

6. *Evidence; Burden of Proof; Negative Averment.*—It is a gen-
eral rule that negative averments in a pleading need not be proved,
but where a party grounds his action on a negative averment, he
must establish it, unless the subject matter of the averment lies pe-
culiarly within the knowledge of the other party.   Under those cir-
cumstances, unless disproved the averment is taken as true, and
where a negative averment involves fraud, the burden is on the
party making the charge.

7. *Evidence; Presumptions; Innocence.*—The presumption of in-
nocence is evidentially effective in civil cases where criminal con-
duct is imputed, and, where the presumption of innocence is a fac-
tor in a civil proceeding, the degree of evidence necessary to repel

[Freeman v. Blount, et al.]

the presumption must be clear and satisfactory, but in such cases it is not required that the imputation of wrong resented by the presumption of innocence should be refuted beyond a reasonable doubt.

8. *Witnesses; Credibility; Interest.*—Where a witness testifies to the falsity of a certificate of acknowledgment to a deed, and such witness is interested in the result, the testimony will be carefully scrutinized, but if it is full and fair and correct, it is entitled to the same credence which would be given to the evidence of a witness not interested.

9. *Acknowledgments; Impeaching; Burden.*—Where a certificate of acknowledgment to a deed is regular and forms a part of the deed it will not be impeached for forgery or falsity, in a case admitting evidence to impeach it, unless the evidence to that end be clear and convincing and reaches a high degree of certainty leaving upon the mind no fair, just doubts.

10. *Deeds; Presumptions.*—Where a deed of conveyance bears on its face all the legal requisites to make it a valid instrument, facts will not be presumed against it; but to invalidate such a deed it must be impeached by strong affirmative proof.

11. *Same; Genuineness; Burden of Proof.*—In an action for the cancellation of a conveyance and its expurgation from the record on the ground that the signature of the alleged grantor was a forgery and that the acknowledgment was false, in which the defendants denied the allegation of the bill, the burden of proving the issue was upon the complainant.

12. *Cancellation of Instruments; Trial; Evidence.*—As the question of title under the conveyance was not in issue, and as the defendants were not actors asserting rights under the conveyance, they were not bound after the filing of the affidavit by the complainant that the deed was a forgery, to offer a certified copy of the conveyance, since that would result in shifting the burden of proof to the respondent, when under the issues formed, it was upon the complainants (sec. 3374, Code 1907, as amended by Acts 1909, p. 14).

(Simpson, Mayfield and Somerville, JJ., dissent.)

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill by J. G. Blount against Lilly T. Blount, et al., to cancel a deed and to expunge the record. Blount having died pending the action it was revived in the name of F. B. Freeman as his executor. From a decree for respondents, complainants appeal. Affirmed.

BILBRO, INZER & STEPHENS, and KNOX, ACKER, DIXON & BLACKMON, for appellant. Counsel discuss the terms of section 3374, Code 1907, relative to its application to

the admissibility or inadmissibility of a certified copy of the record of what purports to be a deed from Major Blount to his son, and concludes that it was inadmissible.—*Walthall v. Walthall*, 42 Ala. 450; *Goodlett v. Kelley*, 74 Ala. 213. It is insisted however that the burden was on the respondents since the complainants' allegations were negative, while respondent's were affirmative.—*Bouser v. Bliss*, 7 Black, 344; *Hanks v. Phillips*, 39 Ga. 550; *Walker v. Palmer*, 24 Ala. 362; *Carpenter v. DeVon*, 6 Ala. 718; *Woolf v. Nall*, 62 Ala. 24; *Land Mortgage Co. v. Preston*, 119 Ala. 290. The proof was sufficient.—*Anderson v. Snow*, 9 Ala. 247; *Elyton Land Co. v. Denny*, 108 Ala. 553; *Hancock v. Kelly*, 81 Ala. 378, and cases there cited; *M. & C. R. R. Co. v. Maples*, 63 Ala. 607. The court erred in allowing the administrator of J. A. Blount to make himself a party and take charge of the defense.—*Ex parte Printup*, 87 Ala. 148.

W. J. BOYKIN, and DORTCH, MARTIN & ALLEN, for appellee. No brief came to the Reporter.

McCLELLAN, J.—The report of the former appeal in this case will be found in 158 Ala. 242, 48 South. 581, 21 L. R. A. (N. S.) 755, under the style of *Blount v. Blount*.

The theory of the bill is that a deed purporting to be executed by J. G. Blount to J. A. Blount (who died before the bill was filed), recorded in the office of the judge of probate of Etowah county, was never executed by J. G. Blount—was a forgery—and the prayer is that the original instrument be canceled, if to be found, and that the record thereof be expunged.

On the former appeal it was ruled by a divided bench, reversing the ruling of the city court, that the

complainant (grantor) was competent to testify that *he did not* execute the instrument, notwithstanding the grantee therein had died. Upon the second hearing in the city court, the ruling here made was followed, and the testimony of the complainant, denying the execution of the instrument, was received and considered by the court, notwithstanding the respondents' insistence properly pointed out, under Code 1907, § 4007 (Code 1896, § 1794), that the previous death of the grantee closed the lips of the surviving grantor (complainant) to testify in the premises. However, with this testimony admitted and before it, the city court reached the conclusion that the complaining grantor had not successfully carried the burden of proof resting on him to establish that the instrument was never executed by him, and so dismissed his bill. It is from this decree the present appeal is prosecuted.

The solicitors for appellees reargue the question formerly passed upon by this court, viz., that their exceptions to the competency of J. G. Blount to testify in denial of the execution of the instrument should have been sustained, and not overruled, under the provisions of the statute before cited.

In answer to this insistence of appellees' solicitors, the solicitors for the appellant take the point that the appeal is on behalf of the complainant *alone,* and that there is no cross-assignment of errors by appellees, invoking a review here of the asserted, by appellees, erroneous ruling of the city court, on the last hearing, whereby J. G. Blount was allowed to testify in denial of the execution of the instrument assailed.

A party litigant in whose unqualified favor the decree concludes, and who can take no manner of benefit from a reversal or modification of the decree, cannot appeal therefrom.—2 Ency. Pl. & Pr. p. 157; 2 Cyc. pp.

[Freeman v. Blount, et al.]

632-633; *Dupree v. Perry*, 18 Ala. 34, 37; *Green v. Blockwell*, 32 N. J. Eq. 768; *Hill v. Hill*, 6 Ala. 166; *Scholze v. Steiner*, 100 Ala. 148, 14 South. 552.

In *Green v. Blackwell, supra*, it was said, by way of approving quotation: "Without defining or attempting to classify the orders of the chancery court which may or may not be appealed from, it is certain there can be no appeal from an order by which a party is not aggrieved. The very object of the appeal is to redress injury. If there be no injury to redress, there can be no appeal; the object of the appeal cannot be attained; it cannot be what it is intended—a redress for an injury."

Having no cause of complaint whatsoever, a party so completely favored by the decree cannot assign errors.

The sole office of an assignment of errors, in appellate procedure, is to invite a review of rulings wherefrom, if sustained, the judgment or decree is changed, modified, or reversed.

There can be no such thing as cross assigning error to affirm a decree or judgment.—2 Ency. Pl. & Pr. p. 921; 1 Words and Phrases, pp. 576, 577. It therefore results that the right of appellees to invoke, in brief alone, review by this court on appeal of asserted (by appellees) erroneous rulings in the reception or rejection of evidence, cannot be determined by the fact that such rulings are not assigned as errors by them.

By Code, § 5955, it is provided: "The Supreme Court has authority—(1) To exercise appellate jurisdiction coextensive with the state, under such restrictions and regulations as are prescribed by law; but in deciding appeals from the chancery court no weight shall be given the decision of the chancellor upon the facts, but the Supreme Court shall weigh the evidence, and give judgment as they deem just."

The change, from previous rule, wrought by the quoted provision, in the particular that review here should be without presumption in favor of the decision of the chancellor on the *facts,* may be found discussed in *Wallen v. Montague,* 121 Ala. 287, 25 South. 773; *Shows v. Folmar,* 133 Ala. 599, 32 South. 495; *Claflin v. Muscogee Mfg. Co.,* 127 Ala. 376, 30 South. 555. As respects the review *on the facts,* it is de novo.

In *Claflin Co. v. Muscogee Mfg. Co., supra,* it was said: "On the issue thus made and thus determined by the chancellor and now presented for our determination *anew,* the burden of proof throughout was upon the complainant." (Italics supplied.)

Obviously, such a review, in respect of the *facts,* leading to the rendition thereon of such "judgment as they (this court) deem just," comprehends the duty to revise the seasonably taken and appropriately made exceptions, by appellees, to the rejection or reception of evidence.

The propriety vel non, as upon the evidence, of the decree assailed, is determinable, upon the *legal* evidence noted on the submission in the court of equity; and to ascertain what the *legal* evidence in the cause appealed is, this court must take account of and decide appropriately made exceptions to the reception or rejection of evidence noted on the submission in the primary court. It is therefore ruled that the exceptions to competency of the testimony of J. G. Blount, denying his execution of the instrument in question, will be considered, with the view to a proper determination by this court of the major inquiry presented by the appeal, namely, whether the decree assailed by appellant is erroneous as upon the legal evidence noted in the cause.

The question of the competency of J. G. Blount, the grantor, to testify in denial of the execution of the instrument, J. A. Blount, the grantee, being dead, was

fully considered and discussed in the opinions delivered on a former appeal. Upon reconsideration of the question, DOWDELL, C. J., and MAYFIELD, SAYRE, and SOMERVILLE, JJ., entertain the opinion, and so cast the conclusion of the court on the inquiry, that it was competent for J. G. Blount, the grantor, to testify in denial of his execution of the instrument assailed; thereby reaffirming the pertinent conclusion of the court as expressed on former appeal. Justices SIMPSON, ANDERSON, and MCCLELLAN adhere to their opinion that J. G. Blount was incompetent, under section 4007, Code 1907 (section 1794, Code 1896), to so testify.

"The general rule of law is that negative averments in pleading need not be proved. * * * But where the negative allegation involves a charge of fraud, or breach of official duty, and many other violations of trust of a kindred character, the onus is on the party making the charge; for the presumption of law is always in favor of innocence.—1 Green. Ev. §§ 78-81, incl." Stone, J., in *Haney v. Conoly,* 57 Ala. 179.

The generally similar doctrine was previously announced, though more amply, in *Givens v. Tidmore,* 8 Ala. 745, 750, 751, Collier, C. J., writing, in this language: "It is the general rule that the party holding the affirmative of the issue must sustain it by proof; but there are some exceptions in which the proposition, though negative in its terms, must be proved by the party who states it. One class of these exceptions, it is said, includes those cases in which the plaintiff *grounds his right of action upon a negative allegation,* and where, of course, the establishment of this negative is an essential element in his case. But, where the subject-matter of the negative averment lies *peculiarly within the knowledge* of the other party, the averment is taken as true, unless disproved by that party."

The doctrine of *Givens v. Tidmore, supra,* is generally accepted by courts and text-writers.—*Kerr v. Freeman,* 33 Miss. 292, 298; *Colorado Coal Co. v. United States,* 123 U. S. 307, 317-319, 8 Sup. Ct. 131, 31 L. Ed. 182; 1 Green. Ev. §§ 78, 80; 6 Cyc. p. 334; 2 Ency. Ev. pp. 802, 803; Jones on Ev. §§ 12, 180.

"* * * When misconduct or crime is alleged, whether in a criminal or civil suit, whether in a direct proceeding to punish an offender or in some collateral matter, the accused is presumed to be innocent until proven guilty."—Jones on Ev. § 14; *Childs v. Merrill,* 66 Vt. 302, 308, 29 Atl. 532; *Stevenson v. Gunning's Estate,* 64 Vt. 601, 613, 25 Atl. 697; 16 Cyc. p. 1081.

In *Stevenson v. Gunning's Estate, supra,* the Vermont court had to deal with *forgery* asserted as a defense to a civil action to enforce the payment of a note. The trial court was ruled to have erred in refusing to instruct the jury upon the *presumption of innocence* in the premises. The basis of the presumption, its nature, effect, and the means to overturn it, are thus stated by Greenleaf: "As men do not generally violate the Penal Code, the law presumes every man innocent; but some men do transgress it, and therefore evidence is received to repel this presumption. This legal presumption of innocence is to be regarded by the jury, in every case, as matter of evidence, to the benefit of which the party is entitled." This doctrine was fully approved, by the Supreme Court, in *Coffin v. United States,* 156 U. S. 432, 459, 460, 15 Sup. Ct. 394, 39 L. Ed. 481, and in *Wilcox v. Wilcox,* 46 Hun, 32, 40. Its soundness was not reflected upon in *Agnew v. United States,* 165 U. S. 36, 17 Sup. Ct. 235, 41 L. Ed. 624. In this state the presumption has been declared to be matter of evidence in *Newsom's Case,* 107 Ala. 133, 18 South. 206; *Amos' Case,* 123 Ala. 50, 26 South. 524; *Harris' Case,* 123 Ala.

69, 69 South. 515; *Bryant's Case,* 116 Ala. 445, 23 South. 40. We know of no decision of this court to the contrary. It has been asserted by learned writers that the presumption is not evidential in nature; but, to us, the unsoundness, in this particular, of our decisions just cited, has not been made to appear.

"The presumption of innocence and of freedom from purposes and conduct immoral applies in civil as well as in criminal cases, and satisfactory evidence is required to establish to the contrary. And when, in the judgment of the jury, the evidence is in equilibrio, the imputation is not established. * * * The presumption is evidence only and has its controlling effect as such until overcome by other evidence."—*Wilcox v. Wilcox,* 46 Hun, 32, 40. That the presumption is evidentially effective in civil cases, where criminal conduct is imputed, is sustained by many decisions, among which are these: *Wilcox v. Wilcox, supra; N. Y. Ferry Co. v. Moore,* 18 Abb. N. C. 106, 119; *Grant v. Riley,* 15 App. Div. 190, 44 N. Y. Supp. 238; *Fire Association v. Bank,* 54 Vt. 657, 668, 669; *Hewlett v. Hewlett,* 4 Edw. Ch. 7, 16; *Korn v. Schedler,* 11 Daly, 234; *Russell v. Baptist Union,* 73 Ill. 337; *Horan v. Weiler,* 41 Pa. 470; *Stevenson v. Gunning's Estate, supra; Childs v. Merrill, supra.*

Where the *presumption of innocence* is a factor in a *civil* proceeding, the evidence necessary, in degree, to repel the presumption, must be "clear"—must be "satisfactory." It is not required, in civil cases, that the imputation of wrong, resented by the *presumption of innocence,* should be refuted *beyond a reasonable doubt* as must be done in criminal prosecutions.—*Ware v. Jones,* 61 Ala. 288, 295; *Wilcox v. Wilcox; supra.*

In *Ware v. Jones, supra,* this court, Brickell, C. J., writing, ruled that, where fraud or illegality was im-

puted, the evidence was sufficient if it produced the degree of conviction essential in civil cases; that the charge must be *clearly proved,* if it was denied.

"Facts will not be presumed against a deed of conveyance which on its face has all the legal requisites to make it a valid instrument. * * * Instead of that, the rule is that he who would invalidate such a deed must impeach it by affirmative proof."—*Clements v. Macheboeuf,* 92 U. S. 418, 425, 23 L. Ed. 504.

A regular certificate of acknowledgment to a deed, thereby forming "a part of the deed," will not be impeached for forgery or falsity in a case admitting evidence to impeach it, unless the evidence to that end is clear and convincing, "reaching a high degree of certainty, leaving upon the mind no fair, just doubts."— *Smith v. McGuire,* 67 Ala. 34, 37; *Barnett v. Proskauer,* 62 Ala. 486; 1 Ency. L. & P. pp. 928-932; 1 Cyc. pp. 623, 627; *Grider v. Amer. Freehold Land Mort. Co.,* 99 Ala. 281, 289, 290, 12 South. 775, 42 Am. St. Rep. 58.

Where the witnesses, testifying in the affirmative on the issue of forgery or falsity vel non of the certificate of acknowledgment, are interested, their testimony will be carefully scrutinized; and, "if it is full and direct, it is entitled to the same credit which would be given to the evidence of the other witnesses whose credibility was affected only by reason of interest."—*Barnett v. Proskauer,* 62 Ala. 486.

Code 1907, § 3374, reads: "When self-proving, certified copy evidence.—Conveyances or property, real or personal, or of any interest therein, whether absolute or on condition, which are acknowledged or proved according to law, and recorded, may be received in evidence in any court without further proof; and if it appears to the court that the original conveyance has been lost or destroyed, or that the party offering the tran-

script, had not the custody or control thereof, the court must receive the transcript, duly certified, in the place of such original; unless the maker of such conveyance or of some person claiming under him, or one of the adverse parties against whom such conveyance or transcript is offered in evidence shall make and file an affidavit that the said conveyance is a forgery, to the best of his knowledge and belief."

This statute was subsequently amended at the Special Session, 1909.—Acts Sp. Sess. 1909, p. 14.

After the remandment of this cause, on former appeal, the complainant made an affidavit purporting to conform to the provisions of the statute; the original instrument assailed by the bill being lost or destroyed.

This statute has no application to the cause at bar. This bill seeks the cancellation of a conveyance on the ground that the signature of J. G. Blount thereto was a forgery, and that the certificate of acknowledgment was false, if, indeed, it, too, was not a forgery. The burden of proof and the essential measure of proof in order to carry the burden, in such cases, have been stated before.

In no aspect of the cause was the onus of proof upon the respondents. Their attitude in and relation to the cause of action set forth in the bill was that of defense, purely—that of denial of the charges made by the bill. At no stage of the evidence was there a shifting, from complainant to respondents, of the burden of proof on the issues laid. There was no necessity for the respondents to offer the certified (by the judge of probate) copy of the instrument of record in his office. Its cancellation or expurgation from the record was the gist of the bill, and, to that end, an authenticated copy of the record was exhibited with the bill. The issue, to repeat, was: Whether the original of the instrument por-

trayed on the record was a forgery, and therefore a nullity, and, if so, it was due to be canceled or to be expunged from the record. The question was not whether complainant, respondents, or any others had the true title to the land described in the instrument assailed, but whether the existence of the instrument did not spring from, was not the act of, J. G. Blount. The issues raised by the bill, however determined, would have been fully met and decided by a decree affirming or denying the validity or invalidity of the instrument exhibited, in copy, with the bill. If the respondents were *now* the actors, seeking to enforce rights growing out of the instrument exhibited, in copy from the record, with the bill, then the status presented might have given reason to invoke the provisions of the statute (section 3374 as amended) in the respect appellant seeks to invoke it in this cause.

In *Kerr v. Freeman,* 33 Miss. 92, the bill sought the cancellation of a certain deed on the ground that it was not executed. The essential averment asserted, as appears, a negative. It was insisted that the party averring a negative did not have the burden to establish it. Dealing with this phase of the cause, the court said: "The object of the bill was to cancel this deed. The complainant, when he brought his bill for this purpose, undertook to sustain its allegations. The question was not whether the defendant had a perfect title, or any title at all; but whether this deed, outstanding in the hands of the heirs of Shields, was ever executed by Whitesides. The complainant undertook to show that it never was; and, although it may seem to require of him the proof of a negative, yet it is but the proof of a material allegation, which he has made, and the truth of which must be established before he can claim a decree; otherwise, a bill under this statute would per-

[Freeman v. Blount, et al.]

form merely the office of a scire facias, to bring a party into court to show cause why his deeds should not be canceled. Where a party grounds his right of action upon a negative allegation, he must prove it.—1 Greenl. Ev. 109, § 78. It is no answer to say that a party claiming title under a deed must prove its execution, for the obvious reason that the title of the defendant, in this instance, was not in issue, but merely whether certain documents evidencing his title should be canceled. The complainant, being the party asking the cancellation, was bound to prove the facts establishing their invalidity."

If the statute (section 3374) under consideration was given the effect appellant insists it should have, the result would be to clothe a bill, seeking cancellation of an instrument lost or destroyed, supplemented by the character of affidavit described in the statute, with the attributes of a "scire facias to bring a party into court to show cause why his (lost or destroyed, we interpolate) deeds should not be canceled;" for the burden of proof would be (if the statute was so interpreted) cast upon the defendant to establish the validity of the assailed instrument *before* the copy of its record could be offered in evidence. Obviously, the statute does not contemplate such a radical change from well-settled procedure, in cases where cancellation of instruments is sought—a change that transposes the burden of proof, and puts the respondent, in such cases, to proof of the validity of his assailed instrument. Besides, the terms and the general purpose of the statute alike deny its application to causes of the character under review. The evident intent of the statute, in the particular that a record copy of a lost or destroyed deed was denied admission in evidence if the affidavit specified was made, was to deprive the party proposing

to offer the instrument, impeached by the affidavit, in evidence of the benefit of the antecedent provisions of the statute, namely, those making certain instruments self-proving when seasonably recorded, and that providing, under certain circumstances, for the admission of certified copies of such instruments in evidence.

The issues being as we have stated, there was no invitation, necessity, or occasion for the introduction by respondents of the copy, from the record, identical with that exhibited with the bill. The bill asserted, in substance, that this instrument, so exhibited in copy, is a forgery; and the respondents, in substance, replied: That is not true. Hence it was well said by the city court, in its opinion: "I do not find, after diligent search of the file, the certified deed of J. G. Blount to J. A. Blount and which the note of submission shows was offered by respondent and objected to by complainant. In the view I take of this case, it is immaterial, for my conclusions have been reached without reference to the certified copy of said deed, so offered by respondent. To my mind it is not a question as to proving the contents of a lost instrument or conveyance, but the question presented by the record is the forgery vel non of the deed which is made an exhibit to the complainant's bill. The complainant is the actor in the premises."

Laboring under no necessity to introduce the certified copy—asserting no affirmative right thereunder—there was no occasion, on respondents' part, to offer it in evidence, and, if they offered it, the acceptance or rejection of it as offered by them has no effect upon the solution of the issues made upon the bill; and hence the matter was, as the court said, wholly immaterial.

All of the Justices concur in the opinion that the statute before quoted has no application where the bill

[Gamble v. Black Warrior Coal Co.]

seeks, as here, the cancellation or expurgation of an instrument.

After a careful review and thorough consideration of the entire legal evidence—including that of J. G. Blount in denial of his execution of the instrument, a review and consideration on which the whole evidence was read to the full court in consultation—the decree appealed from is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON, MCCLELLAN, and SAYRE, JJ., concur. SIMPSON, MAYFIELD, and SOMERVILLE, JJ., dissent.