# Bowdoin *v.* Bradley.

*Setting Out Fire.*

(Decided November 12, 1914. 66 South. 823.)

1. *Fires; Setting Out; Directing Verdict.*—Where there was circumstantial evidence that defendant maliciously burned the cotton house and cotton therein mentioned, and plaintiff directly stated that the cotton house was his property, and stated other facts justifying an inference that the seed cotton therein belonged to him, the defendant was not entitled to have the verdict directed in an action for burning by defendant the cotton house and seed cotton of plaintiff.

2. *Property; Ownership; Possession.*—Possession of personal property imports prima facie ownership thereof, and where personal property is shown to be in the building of a certain person, it will be presumed to be the property of that person in the absence of any proof to the contrary.

3. *Damages; Nominal; Instructions.*—Where the jury under the evidence was authorized to award punitive damages because of the destruction of the property burned, defendant was not entitled to have a charge limiting the recovery to nominal damages because of want of evidence of the value of the property destroyed.

4. *Torts; Proof; Burden.*—While the proof of the charge must be clear and strong where the action is founded on tort in the commission by defendant of a crime, the proof need not be stronger than to reasonably satisfy the jury of the truth of the charge, as in other civil cases.

5. *Same; Instructions.*—Charges asserting that before the jury can find for plaintiff, the proof must be clear and strong that defendant committed the acts complained of, and that before the jury can find for plaintiff, the presumption of innocence of defendant must be overcome by strong and clear evidence that he committed the act of burning, was calculated to lead the jury to believe that the law required of plaintiff a higher degree of proof than is required in other civil cases, and to believe that the proof must convince the jury beyond a reasonable doubt of defendant's guilt thereof.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Jeff D. Bradley against E. A. Bowdoin. From a judgment for plaintiff, defendant appeals. Affirmed.

[Bowdoin v. Bradley.]

The following charges were refused to defendant:

(1) If the jury believe the evidence, they cannot find for plaintiff as to the seed cotton in the house. (2) Before the jury can find for plaintiff, the proof must be clear and strong that defendant burned the cotton house. (3) Before the jury can find for plaintiff, the presumption of innocence in favor of defendant must be overcome by strong and clear evidence that defendant burned the cotton house and its contents. (4) To be reasonably satisfied that defendant burned the cotton house and its contents is not sufficient, for the presumption of innocence to be overcome, it must be done by strong and clear evidence establishing that defendant burned the cotton house and its contents. (5) Affirmative charge. (6) Same. (7) If the jury believe the evidence, they can only find nominal damages for plaintiff. (8) If the jury believe the evidence they cannot find the verdict against defendant as to the cotton house. (9) Same as 8.

O. C. DOSTER, and H. L. MARTIN, for appellant. There was no proof of the value of the cotton destroyed or of the house burned, and the court erred in refusing to give charges 5 and 6. The court erred in refusing charge 1. —*Manchester F. A. Co. v. Fiebleman,* 118 Ala. 311. The court should have given charges ·8 and 9.—*Freeman v. Blount,* 172 Ala. 662. On the same authorities charges 2, 3 and 4 should have been given.

R. H. ARRINGTON, for appellee. Possession of personal property carries with it presumption of ownership, and will support an action for damages done thereto by a trespasser, and hence, the court properly refused the charges asserting that plaintiff was enttiled to no more than nominal damages.—172 Ala. 525; 83 Ala.

384; 1 Ala. App. 424. There was evidence from which value could be inferred, and hence, charges 5 and 6 were properly refused.—61 Ala. 295; 71 Ala. 487; 146 Ala. 477; 172 Ala. 662. It was not necessary to prove trespass on the lands described.—*Smith v. Kaufman,* 100 Ala. 408.

THOMAS, J.—The action was one of tort brought by appellee, Bradley, against appellant, Bowdoin, to recover damages·for the burning by the latter of a cotton house and the seed cotton contained therein, the property of the former; and the only errors assigned that are insisted upon in brief relate to the action of the trial court in refusing certain written charges requested by defendant.

. Charges numbered 5 and 6 were the affirmative charges and were properly refused, as there was circumstantial evidence from which the jury might have inferred that the defendant willfully and maliciously set fire to and burned the cotton house and seed cotton mentioned, and that both—the cotton house and the seed cotton—were the property of the plaintiff. The plaintiff testified directly that the house was his property, and while it is true, as argued, that there is no direct statement to the effect that the seed cotton which plaintiff swore to have been in the house at the time of the burning was his property, yet the inference is clear from the facts that were stated by him, and which were not even contradicted, that it was his property. Possession itself prima facie imports ownership; and, as this seed cotton was shown to have been in plaintiff's said cotton house, it is to be presumed, in the absence, as here, of any proof to the contrary, that it was plaintiff's property.—*A. G. S. R. R. Co. v. Jones,* 71 Ala. 487.

[Bowdoin v. Bradley.]

What has been said makes it also plain that charges 1 and 8 and 9 were likewise properly refused.

Charge 7 should have been refused, because, even assuming for argument's sake that, as insisted by appellant's counsel, there was no evidence as to the value of the property that was destroyed, still the jury could not be restricted to the assessment of nominal damages, as directed in the charge, provided they believed, which the evidence tended to show, that defendant willfully and maliciously burned the property; for in such event the jury were authorized to award or inflict punitive damages.—13 Cyc. 111 et seq.

Charges 2, 3, and 4 were each properly refused. Charge 4 was an incorrect statement of the law, and charges 2 and 3 were calculated to mislead the jury into believing that the law required of plaintiff in this case a higher degree of proof than was required of plaintiffs in other civil cases. It is true that in civil actions founded, as this, upon the commission of a crime, the law exacts that the proof of the charge be clear and strong, yet it need be no clearer and no stronger than is sufficient to reasonably satisfy the jury, as in other civil cases, of the truth of the charge made. It is not necessary that it be so clear and strong as to convince them beyond a reasonable doubt.—*Ware v. Jones,* 61 Ala. 288; *Freeman v. Blount,* 172 Ala. 662, 55 South. 293.

Failing, as the several last-mentioned charges did, to fix the limit or degree as to how clear and strong the proof should be, the court committed no error in refusing them; for, as worded, the jury might as fairly have concluded that the proof required must be clear and strong enough to convince them beyond a reasonable doubt, as to have concluded that the proof need be only so clear and strong as was sufficient to reasonably satisfy them.—*Ware v. Jones, supra.*

We find no error in the record, and the judgment is affirmed.

Affirmed.