**WEEKS et al. v. WEEKS et al. (6 Div. 60.)**

(Supreme Court of Alabama. April 17, 1924.)

**1. Acknowledgment ⏀⇒62(2)—Evidence held not to prove that wife did not sign mortgage.**

In action by surviving wife and children to quiet title to land against defendants who claimed as purchasers under mortgage, evidence *held* insufficient to prove that wife did not sign mortgage, in view of official certificate of acknowledgment by wife corroborated by notary's testimony.

---

⏀⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 210 Ala. 34.

**2. Mortgages ⬉319(3)—Evidence held not to prove payment.**

In action by surviving wife and children to quiet title to land against defendants who claimed as purchasers under mortgage, evidence *held* insufficient to prove payment of mortgage.

**3. Evidence ⬉317(7)—Wife's testimony as to husband's statement that land was free of debt held hearsay.**

Wife's testimony that deceased husband had said that land was free of debt *held* not admissible to disprove existence of mortgage, being hearsay.

**4. Witnesses ⬉163—Surviving wife's testimony as to husband's statement held incompetent.**

In action by surviving wife and children to quiet title to land against defendants who claimed as purchasers under mortgage, wife's testimony as to husband's statement that land was free of debt *held* not competent to disprove existence of mortgage, being testimony as to statement by person whose estate was interested in result of suit, under Code 1907, § 4007.

Appeal from Circuit Court, Lamar County; R. L. Blanton, Judge.

Bill in equity by Drewery Weeks, Curtis Weeks, Raymond Weeks, and Susie Weeks against Walter Weeks and Milligan Weeks. Decree for complainants, and respondents appeal. Reversed, rendered, and remanded.

The bill of complaint was filed on July 20, 1922, for the purpose of quieting the title to certain lands owned and occupied as a homestead by G. L. Weeks, who died in August, 1913. The complainants are the widow and children of G. L. Weeks. The respondent J. M. Weeks is an uncle and the respondent Walter Weeks is the father of G. L. Weeks.

Respondents' claim to the lands is based on a mortgage purporting on its face to have been executed on July 12, 1912, by G. L. Weeks and S. J. Weeks (his wife), conveying the lands to J. M. Weeks as security for their joint note for $225, due on November 1, 1912, with interest from May 15, 1912. The mortgage was recorded on May 2, 1913. It was transfered orally and by delivery by J. M. Weeks to Walter Weeks a short time before the bill was filed. The name of S. J. Weeks (who is the complainant, Susie Weeks) is signed to both note and mortgage by mark only, without attestation, and the certificate of J. F. Barker, notary public, is attached to the mortgage, showing acknowledgment of the deed by G. L. Weeks and his wife, S. J. Weeks, and also a separate and apart acknowledgment by the wife in the form prescribed by law, on July 12, 1912.

The bill of complaint denies the execution and validity of the mortgage in question, and prays for its cancellation. An alternative prayer is that, if the mortgage is valid, complainants be allowed to redeem the lands upon the ascertainment of the amount due. There is also a general prayer for relief, with offer to do equity.

The answer sets up a foreclosure of the mortgage, and claims as due thereon the principal sum of $225, with interest from May 15, 1912, and a charge of $100 for an attorney's fee, the mortgage providing for a "reasonable attorney's fee for collecting this debt."

The trial court rendered a decree holding that respondents have no right, title, or interest in or incumbrance on the lands or any part thereof, and respondents appeal from that decree.

Wilson Kelley, of Vernon, for appellants.

A bare preponderance of testimony is not sufficient to overcome the presumption in favor of a certificate of acknowledgment regular on its face. 1 C. J. 896; Barnett v. Proskauer, 62 Ala. 486; Freeman v. Blount, 172 Ala. 655, 55 South. 293; Loyd v. Oates, 143 Ala. 231, 38 South. 1022, 111 Am. St. Rep. 39; Ford v. Osborn, 45 Ohio St. 1, 12 N. E. 526.

W. F. Finch, of Jasper, for appellees.

A certificate of acknowledgment is a prima facie proof of its correctness, but this presumption may be overcome by evidence. Grider v. American Freehold Land Mtg. Co., 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58.

SOMERVILLE, J. It appears without dispute that G. L. Weeks and his wife, Susie J. Weeks, executed a mortgage to J. M. Weeks, to secure a loan, in July, 1912, and that the instrument was acknowledged by them before J. F. Barker, a notary public, who went to the Weeks home for that purpose.

Mrs. Weeks testified that Barker came to her home only once to take an acknowledgment, which was between July 15 and July 31, and that the mortgage she signed and acknowledged was for $125 and that she did not sign or acknowledge the mortgage for $225 exhibited by respondents. Her sister, Mrs. Couch, testified that she was present at the time, and observed, and heard it stated, that the mortgage was for $125. Both of them testified that Mrs. Weeks signed her own name. Mrs. Weeks also testified that her husband brought home the mortgage that she had signed in the fall of 1912, and that she had seen it in the trunk at home.

[1] The testimony of these witnesses, strongly biased as it undoubtedly was, and dealing with a transaction that occurred more than 10 years before, is not sufficient in our estimation to overcome the probative force of the official certificate of acknowledgment, corroborated as it was by the testimony of the officer himself, who was without interest in the matter, and who stands unim-

peached. Barnett v. Proskauer, 62 Ala. 486; Freeman v. Blount, 172 Ala. 655, 664, 55 South. 293; 1 Corp. Jur. 896. Indeed, we are satisfied that the mortgage exhibited by respondents, and identified by Barker as the original paper which he drafted for J. M. Weeks, and the execution and acknowledgment of which he duly certified, is the identical mortgage referred to by Mrs. Weeks and her sister, and that they are simply mistaken as to the amount of the debt recited therein.

[2] So, also, the testimony of Mrs. Weeks that she saw a mortgage (for $125) at her home in the fall of 1912 is not sufficient to convince us that the mortgage in suit was ever delivered up by the mortgagee to the mortgagor as paid. That contention is contradicted by the testimony of J. M. Weeks, and also by the probate judge's certificate of recordation, dated May 2, 1913, more than three months before the death of G. L. Weeks.

[3, 4] We are, of course, disregarding Mrs. Weeks' statement that her husband said the land was free of debt, since it was but hearsay, and was a statement by a person whose estate was interested in the result of the suit. Code, § 4007.

Our conclusion is that the only relief to which complainant is entitled is under the alternative prayer for redemption.

The decree of the circuit court will be reversed, and the cause will be remanded for further proceedings to ascertain the amount due to respondents, including a reasonable attorney's fee for collection of the debt, if any has been incurred, and for an appropriate decree for relief by way of redemption from the mortgage under which respondents claim.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.